UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ERVIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CATHERINE T. BROCK, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-2108 MCE CKD P<br><br>ORDER |

Plaintiff, a civil detainee[1] proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.　Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

II.　Statutory Screening of Complaint

Although plaintiff is a civil detainee rather than a prisoner, he is proceeding in forma pauperis and the complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are "frivolous or malicious," "fail[] to state a claim on which relief may be

---

[1] Although plaintiff is housed at California State Prison, Sacramento, he states that he is a civil detainee.

1

granted," or that "seek[] monetary relief against a defendant who is immune from such relief."

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

    III.    Complaint

The complaint names psychologist Catherine Brock, Secretary Scott Kernan, Warden Baughmen, and medical CEO Felder as defendants. (ECF No. 1 at 2.) Specifically, plaintiff alleges that in 2008, administration at Patton State Hospital maliciously placed him in the custody of the California Department of Corrections and Rehabilitation (CDCR) and that defendant Brock has allowed him to be held in CDCR custody even though he was found not guilty by reason of insanity. (Id. at 3.) He further alleges that he has been denied annual reviews by the judiciary that would allow him to be released. (Id.) With respect to defendant Kernan, plaintiff alleges that Kernan has allowed him to be attacked by level 4 inmates and that the administration laughs at his requests to speak with mental health staff about his release date. (Id. at 4.) Finally, plaintiff alleges that defendants Felder and Baughmen have refused him access to the right mental health care and put him in danger by allowing him to be housed with violent offenders when he is a civil detainee. (Id. at 5.) He seeks compensatory damages and the termination of each defendant. (Id. at 6.)

    IV.    Failure to State a Claim

        A. Heck Bar

Plaintiff's claims against Brock appear to be an attempt to challenge his confinement as a civil detainee. As such, these claims are barred by Heck v. Humphry, 512 U.S. 477 (1994). In Heck, the Supreme Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. Because "detainees under an involuntary civil commitment . . . may use a § 2254 habeas petition to challenge a term of confinement," Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (citing Duncan v. Walker, 533 U.S. 167, 176 (2001)), plaintiff's request for damages based on his continued confinement is barred by Heck and the claim against

3

Brock must be dismissed.

B. Personal Involvement

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotation marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

As to plaintiff's claims against Kernan, Felder, and Baughmen, the complaint lacks any specific factual allegations that would show that any of these defendants were aware of the risks plaintiff faced, let alone that they were deliberately indifferent to those risks. It appears that these individuals have been named as defendants based solely on their supervisory positions. Since the complaint lacks sufficient facts to show the necessary involvement by Kernan, Felder, and Baughmen, the claims against them will be dismissed.

V. Leave to Amend

Because it appears that plaintiff may be able to allege additional facts that would state a claim for relief, he will be given an opportunity to amend the complaint. If plaintiff chooses to

file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the filing fee.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. Your claim that defendant Brock has acted to keep you in custody is barred because you can challenge your custody in a habeas petition. Your claims against Kernan, Felder, and Baughmen are being dismissed because you have not explained what these defendants did. The fact that they are supervisors is not enough. You must give the court facts that show they either (1) violated your rights themselves, (2) knew the people they were in charge of were violating your rights and did not stop them, or (3) made a policy that violated your

5

rights.

      If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

      In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

    2. Plaintiff's complaint is dismissed with leave to amend.

    3. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

    4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: November 8, 2018

                                                     CAROLYN K. DELANEY
                                                   UNITED STATES MAGISTRATE JUDGE

13:ervi2108.14.new